UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
MIAMI DIVISION

DANIEL LLANO,

    Plaintiff,

vs.

MIAMI-DADE COUNTY,

    Defendant.
_____/

## COMPLAINT

Plaintiff, DANIEL LLANO (hereinafter "LLANO" or "Plaintiff"), by and through the undersigned counsel hereby sues MIAMI-DADE COUNTY, and states as follows:

### JURISDICTION AND VENUE

1. This is an action pursuant to the Age Discrimination in Employment Act (ADEA) and the Florida Civil Rights Act. This Court has jurisdiction pursuant to 28 U.S.C. §§ 1331 and the ADEA. This Court has jurisdiction to grant declaratory and further relief pursuant to 28 U.S.C. §§ 2201 and 2202. This Court has supplemental jurisdiction under 28 U.S.C. § 1367 to hear the state law claims.

2. Venue is proper in the Southern District of Florida pursuant to 42 U.S.C. § 2000e-(f)(3) and 28 U.S.C. §§ 1391(b) because it is the judicial district in which the unlawful employment practices were committed.

### PARTIES

3. LLANO was, at all times material to this Complaint, an individual who was a major at the MIAMI-DADE COUNTY Police Department in Miami-Dade County, Florida.

4. MIAMI-DADE COUNTY is a Florida municipality. It is an "employer" as defined by the ADEA and Fla. Stat. § 760.02(7).

## COMPLIANCE WITH PROCEDURAL REQUIREMENTS

5. On or about March 12, 2012, LLANO filed a charge of discrimination with the United States Equal Employment Opportunity Commission (EEOC) and the Florida Commission on Human Relations (FCHR). (Exh. A).

6. On or about May 15, 2015, the EEOC found reasonable cause to believe that MIAMI-DADE COUNTY had subjected LLANO to unlawful discrimination. (Exh. B.). The EEOC's efforts to conciliate the case were unsuccessful. The EEOC issued a right-to-sue notice on August 17, 2015. (Exh. C). The notice was not received by the undersigned or by LLANO before August 19, 2015.

7. All conditions precedent to filing suit have been met or have been waived.

8. All administrative prerequisites to filing suit have been met or have been waived.

9. The EEOC investigated and took action on this matter pursuant to the Florida Civil Rights Act and the workshare agreement between the EEOC and the Florida Commission on Human Relations. (Ex. D).

## FACTUAL ALLEGATIONS

10. LLANO started working for MIAMI-DADE COUNTY on or about August 2, 1978.

11. On or about May 18, 2011, MIAMI DADE COUNTY demoted LLANO from the rank of Major in the police department to Lieutenant.

12. LLANO was fifty-four (54) years old when he learned of his demotion.

13. LLANO had been the Major of the Airport District for MIAMI-DADE COUNTY for more than two (2) years at the time that he first learned of his demotion.

14. LLANO was wrongfully accused of allegedly taking advantage of enhanced airline benefits and was purportedly demoted for that reason. However, not only did LLANO not take any such action, the County never conducted a thorough investigation of those allegations.

15. In fact, the Miami Dade Commission on Ethics and Public Trust ("the Trust") conducted an exhaustive investigation of the allegations and found that Llanos had not engaged in any improper conduct but that a travel agent placed LLANOS and his wife on a standby upgrade list without LLANO's knowledge.

16. In addition, an investigation conducted by American Airlines also cleared LLANO of any wrongdoing.

17. Other officers who were at least ten (10) years younger than LLANO were found to have engaged in conduct that were similar to the conduct LLANO was accused of, only more serious, but were not demoted. One other officer at least ten (10) years younger than LLANO knowingly accepted two upgrades and was suspended a short time but not demoted.

18. LLANO was demoted because of his age.

19. LLANO's employment opportunities were greatly curtailed as a result of the demotion.

## COUNT I

### Age discrimination (ADEA)

20. As set forth in the foregoing, Defendant intentionally discriminated against Daniel LLANO because of his age when he was demoted because of his age in violation of Section 4 of the ADEA, 29 U.S.C. § 623(a)(1).

21. Defendant has intentionally discriminated against LLANO, who was demoted because of his age in violation of Section 4 of the ADEA, 29 U.S.C. § 623(a)(1).

22. The unlawful employment practices complained of) were willful within the meaning of Section 7(b) of the ADEA, 29 U.S.C. § 626(b).

## COUNT II

### Age discrimination (Florida Civil Rights Act)

23. MIAMI-DADE CONTY, acting through its agent(s) was motivated in the unequal treatment of LLANO by LLANO's age when LLANO was demoted in violation of Fla. Stat. §§ 760.10(1)(a) (FCRA).

24. The actions of MIAMI-DADE COUNTY as alleged herein were intentional.

25. The actions of MIAMI-DADE COUNTY as alleged herein were taken with malice or with a reckless disregard of LLANO's civil rights.

### RELIEF SOUGHT

WHEREFORE, LLANO asks this Court to grant the following relief:

a. Issue a declaratory judgment finding that MIAMI-DADE COUNTY's conduct toward LLANO violated the Florida Civil Rights Act and the ADEA;

b. Enjoin and restrain MIAMI-DADE COUNTY and all other persons acting on behalf of, or in concert with them, from engaging in such unlawful practices;

c. Enter judgment in favor of LLANO and against MIAMI-DADE COUNTY for backpay in the amount of wages and fringe benefits it is determined that LLANO has lost as a result of MIAMI-DADE COUNTY's unlawful conduct, liquidated damages under the ADEA together with prejudgment interest from the date of the violations and front pay;

d. Enter judgment in favor of LLANO and against MIAMI-DADE COUNTY for compensatory damages together with pre-judgment interest pursuant to the FCRA;

  e. Award LLANO a reasonable attorney's fee, pursuant to the ADEA, 29 U.S.C. § 626, and Fla. Stat. § 760.11 together with costs of this action;

  f. Award such other and further legal and equitable relief as may be appropriate to redress fully the deprivation of LLANO LLANO's rights, to prevent reoccurrence of similar acts in the future and to protect MIAMI-DADE COUNTY's other employees from such unlawful behavior.

## **JURY DEMAND**

LLANO demands trial by jury on all issues so triable.

Respectfully submitted,

GARY A. COSTALES, P.A.
1200 Brickell Avenue, Suite 1440
Miami, Florida 33131
(305) 375-9510 Ext. 304
(305) 375-9511 (facsimile)

/s Gary A. Costales
Gary A. Costales, Esq.
Florida Bar No. 0948829